IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

ELECTRONICALLY
FILED
Jan 27 2022
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY,<br><br>    Interpleader Plaintiff,<br><br>v.<br><br>BRENDA LYNN MOLL, DEBRA KIMBLE, and JOSEPH KIMBLE,<br><br>    Interpleader Defendants. | CASE NO. **2:22-CV-1 (Kleeh)** |

## COMPLAINT-IN-INTERPLEADER

Interpleader Plaintiff Protective Life Insurance Company ("Protective"), through its undersigned counsel, hereby submits this Interpleader Complaint against Defendants Brenda Lynn Moll, Debra Kimble, and Joseph Kimble (collectively, the "Interpleader Defendants") as follows:

### PARTIES

1. Protective is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business located in Birmingham, Alabama. Protective is, and at all relevant times was, authorized to transact business in the State of West Virginia.

2. Upon information and belief, Interpleader Defendant Brenda Lynn Moll is a citizen of the State of Maryland and a resident of Baltimore County, Maryland. Upon further information and belief, Brenda Lynn Moll is the daughter of the insured under the life insurance policy at issue in this interpleader lawsuit, Barbara Ann Connor (the "Insured").

3. Upon information and belief, Interpleader Defendant Debra Kimble is a citizen of the State of West Virginia and a resident of Hardy County, West Virginia. Upon further information and belief, Debra Kimble is the sister of the Insured.

4. Upon information and belief, Interpleader Defendant Joseph Kimble is a citizen of the State of West Virginia and a resident of Hardy County, West Virginia. Upon further information and belief, Joseph Kimble is the brother-in-law of the Insured.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C § 1335 because there is minimal diversity among the adverse claimants and the amount in controversy exceeds $500.00. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (holding that 28 U.S.C § 1335, which applies where there are two or more adverse claimants of diverse citizenship, requires only minimal diversity).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2) because at least one Interpleader Defendant resides in this judicial district, and because this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

7. On or around November 12, 1997, Interstate Assurance Company issued a policy insuring the life of Barbara Ann Connor (defined above as the "Insured") in the face amount of $30,000.00—Policy No. HXXXX2874 (the "Policy"). In the application that was incorporated as part of the Policy, the Insured's spouse, Robert Conner, was designated as the Policy's primary beneficiary. The Policy was issued and delivered to the Insured in the State of Maryland.

8. Effective July 1, 2002, Interstate Assurance Company merged with and into Protective. Pursuant to this merger, Protective thereafter became responsible for the Policy.

9. On or around July 23, 2009, the Insured submitted a Change of Beneficiary form to Protective purporting to designate Robert Conner as the Policy's primary beneficiary and Brenda Lynn Moll as the Policy's contingent beneficiary. Attached as Exhibit "A" hereto is a true and correct copy of the Change of Beneficiary form dated July 23, 2009.

10. On or around June 4, 2013, the Insured submitted a Change of Beneficiary form to Protective purporting to designate the Policy's primary beneficiaries as follows: Debra Kimble—70% and Joseph Kimble—30%. Attached as Exhibit "B" hereto is a true and correct copy of the Change of Beneficiary form dated June 4, 2013.

11. Upon information and belief, the Insured died on June 22, 2021.

12. Following the Insured's death, Protective received competing claims to the Policy's death benefit from Brenda Lynn Moll,[1] Debra Kimble, and Joseph Kimble.

13. In connection with her claim, Brenda Lynn Moll informed Protective that the Change of Beneficiary form dated June 4, 2013 was invalid due to fraud on the part of the Kimbles, that she was in the process of filing a police report regarding the alleged fraud, and that the Insured confirmed to Moll in September 2020 that she was the Policy beneficiary.

14. By correspondence dated December 9, 2021, Protective notified the parties of the competing claims to the Policy proceeds. In an effort to avoid an interpleader lawsuit, Protective provided a thirty-day courtesy period for Moll and the Kimbles to explore a potential resolution of their competing claims.

15. On or around January 5, 2022, Protective received correspondence from Attorney J. David Judy advising that he represented Debra and Joseph Kimble "for purposes of responding

---

[1] Upon information and belief, Robert Connor predeceased the Insured. Thus, Brenda Lynn Moll would be the Policy beneficiary pursuant to the Change of Beneficiary form dated July 23, 2009, to the extent the Change of Beneficiary form dated June 4, 2013 is invalid.

to [Protective's] letter of December 9, 2021 and in the assistance of making a claim with the Protective Life Insurance Company for those proceeds of the policy of insurance covering the death of Barbara Connor." The letter further advised: "There will be no exploration of any resolution of any competing claim," and "[Protective] may also file whatever court action you deem necessary for your purposes." Finally, the letter stated: "In the event that Protective Life Insurance Company takes any action in detriment to my clients, we will proceed with all legal claims and legal rights of the contracted beneficiaries, Debra Kimble and Joseph Kimble [and] we will demand attorney fees, costs and all expenses of litigation against the Protective life Insurance Company."

16. In light of the foregoing, Protective cannot determine without peril whether the Policy proceeds are owed and payable to Brenda Lynn Moll or to Debra and Joseph Kimble. As a result, Protective has been compelled to retain counsel and file the instant lawsuit against the Interpleader Defendants.

### INTERPLEADER TO DEPOSIT POLICY PROCEEDS INTO THE REGISTRY OF THE COURT

17. Protective incorporates by this reference each preceding paragraph as if fully set forth herein.

18. Protective admits that the Policy proceeds are payable. However, due to the contest surrounding the proper beneficiary of the Policy described above, Protective cannot determine without peril the proper beneficiary to whom the Policy proceeds are owed.

19. Protective claims no beneficial interest in the Policy's death benefit, and Protective is instead a mere stakeholder.

20. Unless the potentially conflicting claims of the Interpleader Defendants are disposed of in a single proceeding, Protective may be subject to multiple litigation and face

substantial risk of suffering duplicate or inconsistent rulings on liability for payment of the Policy proceeds.

21. Protective is ready, willing, and able to pay the Policy's death benefit into the Registry of the Court upon issuance of an order authorizing the deposit of said interpleader funds.

22. Protective is entitled to an order enjoining the Interpleader Defendants, and anyone acting directly or indirectly on their behalf, from commencing or maintaining any action in any state or federal court against Protective for the recovery of any claim, in whole or in part, against the Policy.

23. Protective should be discharged as a disinterested stakeholder and should recover its reasonable attorneys' fees and costs for the services rendered in prosecuting this interpleader action.

## PRAYER FOR RELIEF

WHEREFORE, Protective respectfully requests that this Court enter a final judgment in its favor and against the Interpleader Defendants as follows:

1. That the aforementioned Policy proceeds be accepted into the Registry of this Court and held in an interest-bearing account for future disbursement according to the judgment of this Court;

2. That the Court adjudicate the issue of which Interpleader Defendants are rightfully entitled to the Policy proceeds;

3. That the Court enter an order enjoining each of the Interpleader Defendants, their agents, attorneys, representatives, guardians, and/or assigns, from instituting or maintaining any action in any court or forum against Protective for the recovery of any claim, in whole or in part, against the Policy;

4. That an award be made to Protective out of the funds to be deposited into the Registry of this Court, as reimbursement for the costs, attorneys' fees, and other expenses that Protective is compelled to expend in the prosecution of this lawsuit;

5. That Protective be dismissed *with prejudice* from this action and discharged from any and all further liability with respect to, affecting, or in any way arising out of the Policy with an express finding of finality; and

6. That Protective be awarded such other and further relief as the Court may deem just and proper.

Dated: January 28, 2022.

Respectfully submitted by,

/s/ *Carrie Goodwin Fenwick*
Carrie Goodwin Fenwick (WVSB No. 7164)
GOODWIN & GOODWIN, LLP
300 Summers Street, Suite 1500
Charleston, West Virginia 25301
Phone: (304) 346-7000
Email: cfg@goodwingoodwin.com

*Attorney for Interpleader Plaintiff Protective Life Insurance Company*