# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**PROTECTIVE LIFE INSURANCE COMPANY**

        **Plaintiff,**

v.                                                                                        No. 2:22-CV-00001-TSK

**BRENDA MOLL, DEBRA KIMBLE and
JOSEPH KIMBLE**

        **Defendants.**

## MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BRENDA MOLL, INTERPLEADER, DISCHARGE, AND DISMISSAL WITH PREJUDICE

Interpleader Plaintiff Protective Life Insurance Company ("Protective"), pursuant to Federal Rule of Civil Procedure 55(b)(2), asks this Court to enter a default judgment against Defendant Brenda Moll because she has failed to plead or otherwise defend. Protective additionally seeks to interplead the insurance proceeds at issue, a discharge, and a dismissal with prejudice as follows:

### I. Background

On or about November 12, 1997, Interstate Assurance Company issued a policy insuring the life of Barbara Ann Connor (the "Insured") in the face amount of $30,000.00—Policy No. H▓▓▓▓874 (the "Policy"). Complaint-In-Interpleader, Doc. 1 at ¶ 7. In the application that was incorporated as part of the Policy, the Insured's spouse, Robert Conner, was designated as the Policy's primary beneficiary. *Id.*

Effective July 1, 2002, Interstate Assurance Company merged with and into Protective. *Id.* at ¶ 8. Pursuant to this merger, Protective thereafter became responsible for the Policy. *Id.*

On or around July 23, 2009, the Insured submitted a Change of Beneficiary form to Protective purporting to designate Robert Conner as the Policy's primary beneficiary and Brenda Lynn Moll as the Policy's contingent beneficiary. *Id.* at ¶ 9.

On or around June 4, 2013, the Insured submitted a Change of Beneficiary form to Protective purporting to designate the Policy's primary beneficiaries as follows: Debra Kimble – 70% and Joseph Kimble – 30%. *Id.* at ¶ 10.

Upon information and belief, the Insured died on June 22, 2021. *Id.* at ¶ 11. Following the Insured's death, Protective received competing claims to the Policy's death benefit from Brenda Lynn Moll,[1] Debra Kimble, and Joseph Kimble. *Id.* at ¶ 12. In connection with her claim, Defendant Moll informed Protective that the Change of Beneficiary form dated June 4, 2013 was invalid due to fraud on the part of the Kimbles, that she was in the process of filing a police report regarding the alleged fraud, and that the Insured confirmed to Defendant Moll in September 2020 that saw was the Policy beneficiary. *Id.* at ¶ 13.

By letter dated December 9, 2021, Protective notified that parties of the competing claims to the Policy proceeds and provided them a 30-day courtesy period to explore resolution of the competing claims. *Id.* at ¶ 14. Counsel for the Kimbles responded that a resolution with Defendant Moll would not occur. *Id.* at ¶ 15.

In light of the foregoing, Protective could not determine without peril the party to whom the Policy proceeds are owed and payable. *Id.* at ¶ 16. As a result, Protective filed the instant interpleader lawsuit on August 27, 2021, against Debra Kimber, Joseph Kimber, and Brenda Moll. *See generally id.*

---

[1] Upon information and belief, Robert Connor predeceased the Insured. Thus, Brenda Lynn Moll would be the Policy beneficiary pursuant to the Change of Beneficiary form dated July 23, 2009, to the extent the Change of Beneficiary form dated June 4, 2013 is invalid.

## II. Legal Argument

### A. All requirements for a default judgment against Defendant Brenda Moll are satisfied.

Protective Life filed a Complaint-in-Interpleader on January 27, 2022. [Dkt. 1]. The Summons and Complaint were sent to Defendant Moll at 637 47th Street, Baltimore, MD 21224 via Certified Mail "Restricted Delivery – show to whom, date, address of delivery" pursuant to Md. R. Civ. P. 2-121 on February 9, 2022. The tracking number shows that Defendant Moll was served on February 14, 2022. [Dkt. 7]. *See* Affidavit of Carrie Goodwin Fenwick, attached to Motion for Entry of Default [Dkt. 12].

Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure and the Summons provide that a Defendant must serve a responsive pleading within 21 days of receipt of the Summons and Complaint. The deadline for Defendant Moll's responsive pleading was March 7, 2022. Because Defendant Moll has failed to appear or defend this action, entry of default judgment pursuant to Rule 55(b)(2) is proper.

Rule 55 sets forth a two-step process for obtaining a default judgment. "The first step is the entry of default, which must be made by the clerk '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.'" *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 130 (4th Cir. 2020) (quoting Fed. R. Civ. P. 55(a)). Upon entry of default by the clerk, the non-appearing defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Financial Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted); *Lowery v. Am. Roller Grp. Health Plan*, No. CV 0:21-1567-MGL, 2021 WL 4806502, at *1 (D.S.C. Oct. 14, 2021) (same).

"The second step is the subsequent entry of default judgment," and the party seeking default may petition the district court for entry of a default judgment. *Id.* (citing *Fidrych*, 952 F. 3d at 130). Upon a party's petition, the district court "must determine whether the unchallenged factual allegations support a claim and the relief sought." *Hewitt v. Morris*, No. CA 0:12-666-MGL-PJG, 2012 WL 6864598, at *1 (D.S.C. Dec. 20, 2012) (citing *Ryan*, 253 F. 3d at 780-81). Further, "[o]nce the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded." *Id.* (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)).

While the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided, . . . default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *Bakala v. Krupa*, No. 9:18-CV-2590-DCN-MGB, 2021 WL 2313632, at *2 (D.S.C. Mar. 5, 2021) (citing *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010)). "Thus, it is within the Court's discretion to grant default judgment when a defendant is unresponsive." *Id.*

Importantly, the standard for entering a default judgment applies equally to absent defendants in interpleader matters. Indeed, after properly effecting service of process in an interpleader action, "[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted . . . ." *Capitol Indem. Corp. v. Freeland Constr. Co., Inc.*, No. 3:17-CV-936-TLW, 2017 WL 10486950, at *3 (D.S.C. Oct. 4, 2017) (granting motion for default judgment against non-responding interpleader defendants).

In fact, the Fourth Circuit and its district courts routinely hold that default judgment is appropriate where an interpleader defendant fails to appear and answer an interpleader complaint. *See Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund," and "defaults of interpleader defendants did not make the interpleader action inappropriate but merely expedited its conclusion by obviating the normal second stage . . . in which adverse claimants' rights to the fund are settled") (citing *New York Life Insurance Co. v. Connecticut Development Authority*, 700 F.2d 91, 95 (2d Cir. 1983)); *S. Farm Bureau Life Ins. Co. v. Miller*, No. 7:20-CV-00082-M, 2020 WL 5740889, at *1 (E.D.N.C. Sept. 22, 2020) (collecting cases and explaining: "If a named interpleader defendant fails to answer or otherwise respond to the interpleader complaint and is in default, that defendant forfeits any claim of entitlement that might have been asserted and default judgment [in favor of the insurer] is appropriate."); *Del Conca USA, Inc. v. Akers*, No. G.JH-16-3346, 2017 WL 3605354, at *2 (D. Md. Aug. 18, 2017) (collecting cases and explaining: "the law seems to hold that a default judgment may be entered against any named and served interpleader defendant who fails to respond to the interpleader complaint" and an interpleader plaintiff is "clearly entitled to have his motion for default judgment granted against one of two other defendants who had neither answered nor appeared") (citing *Protective Life Ins. Co. v. Tinney*, No. 2:14-CV-02251-TMP, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25. 2015) and *Am. Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co*., No. 99-C-6990, 2002 WL 484845, at *2 (N.D. Ill. Mar. 29, 2002)).

Here, Protective has submitted the required Affidavit and asked the Clerk to enter a default against Defendant Brenda Moll. *See* [Dkt. 12]. Additionally, Protective's Complaint-in-Interpleader makes sufficient factual allegations to state a claim upon which interpleader relief can

5

be granted.  *See Bakala*, 2021 WL 2313632, at *3 (explaining, for purposes of a default judgment, the court considers "whether Plaintiff has set forth claims for which relief can be granted pursuant to the standard of Federal Rule of Civil Procedure 12(b)(6)"). [2]

As set forth above and in the Complaint-in-Interpleader, Defendant Moll challenges the beneficiary change that removed her as a beneficiary on grounds of fraud.  Accordingly, based upon a reasonable fear of potential exposure to multiple and inconsistent liability, Protective properly initiated this interpleader action for the Court to determine the proper beneficiary of the Policy proceeds.  *See, e.g.*, *AmGuard Ins. Co. v. SG Patel & Sons II LLC*, 999 F.3d 238, 245-49 (4th Cir. 2021) (explaining interpleader "may be invoked not only when claimants have already made a claim to the stakeholder's property but also when the claimants may make such a claim in the future" and "an interpleader plaintiff need only 'possess a bona fide fear of adverse claims' to the property to file an interpleader action") (citations omitted); *Sec. Ins. Co. of Hartford v. Arcade Textiles, Inc.*, 40 F. App'x 767, 769 (4th Cir. 2002) ("Interpleader is a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund . . . . Interpleader is an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund."); *Tapp v. Minnesota Life Ins. Co.*, No. CV 3:15-4799-MBS, 2017 WL 2839636, at *1–2 (D.S.C. June 29, 2017) ("The propriety of interpleader depends on whether the stakeholder 'legitimately fears' multiple litigation over a single fund.").

---

[2] There is some authority in the Fourth Circuit holding this analysis is unnecessary where default judgment is sought in an interpleader lawsuit.  *See, e.g.*, *Pro. Foreclosure Corp. of Virginia v. Ware*, No. 1-20-CV-00421-LO-MSN, 2020 WL 6324882, at *2 (E.D. Va. Oct. 8, 2020) (collecting cases and explaining: "District courts have held that interpleader defaults are treated as distinct in that the complaint does not need to plead sufficient facts to state a claim for relief.  Rather, a defendant's lack of action can be taken as forfeiting a claim to the property in dispute.").

Finally, Protective notes that default judgment is especially warranted here because Protective is only seeking declaratory and injunctive relief against the Interpleader Defendants. In fact, in a good faith attempt to expedite a resolution of this matter, Protective is not seeking recovery of its attorneys' fees and costs from the proceeds at this time, which Protective would otherwise be entitled to pursue. *Unum Life Ins. Co. of Am. v. Brookshire*, No. 4:15-CV-01226-RBH-KDW, 2015 WL 13229264, at *4 (D.S.C. Dec. 30, 2015) ("In considering an interpleader action such as this one, the court has discretion to award attorneys' fees to a disinterested stakeholder such as Unum . . . . Generally, any attorneys' fee and costs award in an interpleader action should be paid from the stake before it is distributed to any claimant or claimants under the court's final judgment.").

### B. Protective is further entitled to an order of interpleader, discharge, and dismissal.

In connection with an Order granting default judgment against Defendant Moll, Protective also seeks an Order: (1) authorizing the deposit of the Policy proceeds and applicable interest into the Court's Registry; (2) discharging Protective of any and all liability with respect to the Policy; (3) enjoining all Interpleader Defendants, and anyone acting directly or indirectly on their behalf, from instituting or maintaining any action against Protective relative to the Policy proceeds; and (4) dismissing Protective from this action with prejudice. Protective has conferred with counsel for Interpleader Defendants Debra and Joseph Kimble—the only defendants to appear in this action, who do not oppose this relief.

Insurance companies, like Protective, may file an interpleader action for protection against problems posed by multiple claimants to a single fund. *See, e.g.*, *Sec. Ins. Co. of Hartford*, 40 F. App'x at 769.

Procedurally, "[a]n interpleader action involves two steps or stages: During the first stage, it must be determined whether the stakeholder has properly invoked interpleader . . . . During the second stage, a scheduling order is issued and the case continues between the claimants to determine their respective rights." *Tapp*, 2017 WL 2839636, at *1–2.

When a court determines that the requirements for interpleader have been satisfied during the first stage, "the Court may direct the funds plus interest to be deposited with the Clerk, dismiss the stakeholder with prejudice and discharge it from all liability with respect to the deposited funds, and prohibit the claimants from initiating or pursuing any action against the stakeholder regarding the relevant insurance policy or plan." *Id.* at *2; *see also Brookshire*, 2015 WL 13229264, at *3 ("[T]he interpleader rule provides that a neutral stakeholder asserting no claim to the disputed funds and having surrendered the disputed funds to the custody of the Court should be discharged from the action . . . . It is a common and accepted practice for the court considering an interpleader action to permit a disinterested stakeholder to deposit the disputed stake in to the court's registry and dismiss the stakeholder from the case."); *Hartford Life & Acc. Ins. Co. v. King*, No. 7:11-CV-411, 2013 WL 828190, at *4 (W.D. Va. Feb. 6, 2013) ("If interpleader is proper, the Court may dismiss the stakeholder with prejudice and discharge it from all liability with respect to the deposited funds, and prohibit the claimants from initiating or pursuant any action or proceeding against the stakeholder regarding the relevant insurance policy or plan" and further explaining "District Courts have the authority to enter broad injunctions enjoining all other litigation affecting the same money or property . . . .").

In this case, Protective claims no beneficial interest in the Policy's death benefit and is instead a neutral stakeholder to the proceeds. Protective is ready, willing, and able to deposit the Policy proceeds into the Court's registry upon an order authorizing the same. Upon deposit of the

proceeds, Protective will have satisfied its obligations under the Policy, and Protective should thereafter be discharged from further liability and free from the threat of future costly litigation by Brenda Moll, Debra Kimble, and Joseph Kimble, or any other claimant, to the Policy proceeds.

### III. Conclusion

For those reasons cited herein and the uncontested allegations in the Complaint, Protective respectfully asks the Court to enter an Order: (1) granting default judgment against Defendant Moll (2) authorizing Protective to deposit the Policy proceeds and applicable interest into the Court's Registry; (3) discharging Protective from any and all liability with respect to the Policy; (4) enjoining all Interpleader Defendants, and anyone acting directly or indirectly on their behalf, from instituting or maintaining any action against Protective (or predecessor Interstate Assurance Company) relative to the Policy proceeds; and (5) dismissing Protective from this action with prejudice.

Respectfully submitted this 4th day of April 2022.

                                    Protective Life Insurance Company

                                    By Counsel

/s/ Carrie Goodwin Fenwick
Carrie Goodwin Fenwick (WV Bar No. 7164)
Goodwin & Goodwin, LLP
300 Summers Street, Suite 1500
Charleston, WV 25301
cgf@goodwingoodwin.com
304-346-7000

## Certificate of Service

I, Carrie Goodwin Fenwick, counsel for Protective Life Insurance Company, certify that on this the 4th day of April, 2022, I have served the foregoing Motion for Default Judgment Against Defendant Brenda Moll, Interpleader, Discharge, and Dismissal with Prejudice on Defendant Moll by mailing a true copy via U.S. Mail, postage prepaid to the following address:

> Brenda Lynn Moll
> 637 47th Street
> Baltimore, MD 21224

And via electronic filing to J. David Judy, counsel for the Kimble Defendants.

/s/ Carrie Goodwin Fenwick